## Louise M. Colekin, Defendant in Error, v. Mason A. Bamborough et al., Plaintiffs in Error.

### Gen. No. 15,255.

1. MUNICIPAL COURT—*section 33 of act construed.* The right to re-examination of a party called pursuant to section 33 of the Municipal Court Act should not be denied.

2. INSTRUCTIONS—*must be predicated upon evidence.* An instruction is properly refused which is not predicated upon any evidence in the record.

3. TRIAL—*when remarks of counsel will not reverse.* Remarks of counsel not materially prejudicial will not reverse.

Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed December 2, 1910. Rehearing denied December 16, 1910.

ADLER, LEDERER and SCHOENBRUN, for plaintiffs in error; FRANCIS ADAMS, JR., of counsel.

LACKNER, BUTZ & MILLER, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

By this writ of error it is sought to reverse a judgment of the Municipal Court of Chicago in an action brought by defendant in error, Louise M. Colekin, against plaintiffs in error Mason A. Bamborough, and Albert F. Brown, her attorneys, to recover from them $1,000 retained by them for professional services out of an English legacy collected by them for her.

The only evidence in the case was that offered by the plaintiff below. Five witnesses were sworn and testified. They were the plaintiff, Mrs. Battis, the defendant Brown, the member of the defendant firm who acted as the plaintiff's attorney in the collection of the legacy, and who was called by the plaintiff under section 33 of the Municipal Court Act to testify to all the services performed by the defendants

below for the plaintiff, and Mr. Coffeen and Mr. Jarvis, attorneys of the Chicago bar, who were called as experts to testify as to the usual and customary charges for defendants' services.

The jury returned a verdict in favor of the plaintiff in the action for $775 and judgment was entered thereon.

Upon the merits of the case as shown by the evidence we think the verdict is amply sustained.

Error is assigned upon the refusal of the court to permit defendants below to cross-examine or re-examine defendant Brown who was called by the plaintiff under section 33 of the Municipal Court Act. After some preliminary questions had been put and Brown had answered them, this question was asked him: "Q. Will you kindly state to this jury what services your firm rendered to Mrs. Colekin in this matter? I would like to get the dates of these various services?" In answer to this question Brown stated in detail the services rendered. He closed the statement as follows: "I think, I don't recall anything except the time I have spent in consultation with her, up until the time the estate was closed other than what would be a repetition of what I have already said, the time spent with her in her various calls in assuring her that everything would probably be all right and that there would be no objection to her claim, and that she would probably get her money all right in due time." The question was then asked: "Have you completed your statement, Mr. Brown?" and his answer was, "Yes."

While we cannot assent to the construction of section 33 of the Municipal Court Act which denies to defendants the absolute right to cross-examine, or further examination, and relegates them to the sound judgment and discretion of the trial court under the circumstances shown by the record or like circumstances as contended on behalf of defendant in error, we

think that no possible harm was done to the defendants in the cause by the ruling of the court. The defendant Brown is a lawyer. He had been asked to state the services rendered by his firm to the plaintiff for which they charged $1,000 and retained that sum of money. Brown had made the statement asked for and had repeated parts of it. When he had finished his statement, he was asked if he had completed it and he answered in the affirmative. He was thus given full opportunity to state all he knew about the services rendered. Furthermore, when the ruling in question was made the plaintiff had not closed her evidence; and when the plaintiff subsequently rested her case the defendants had the unquestioned right to offer evidence of their services and the value thereof for the purpose of showing their right to retain $1,000 of plaintiff's money. The burden of making this proof was not on the plaintiff, it was always on the defendants. The fact that the plaintiff unnecessarily entered upon this proof, did not shift the burden from the defendants, or excuse them from proving their defense. When, however, the plaintiff closed her case and the time and opportunity came for the defendants to make proof of their defense, they stood silent and offered no evidence. The denial of the right to cross-examine Brown in no way precluded defendants from offering Brown's testimony on the same subject, at this stage of the trial. They therefore have no just ground of complaint because of the ruling of the court which at most required them to offer proof of their defense at the proper time in the orderly trial of the cause.

We do not think that the defendants were prejudiced by the admission of the expert evidence based upon the testimony of defendant Brown who made a complete statement of the services rendered in the presence and hearing of the expert witnesses. Brown's testimony was all the testimony offered on this sub-

ject on the trial and, therefore, the testimony of the experts was based on all the testimony in the case.

We do not think the trial court erred in refusing to submit to the jury the question whether the parties to the action had adjusted the accounts between them by mutual agreement. We find no evidence in the record of an accord and settlement. The plaintiff from the beginning of the interview in which the check was given her by Brown and was deposited in the bank by her objected to the charge for attorney's fees. Mrs. Battis in her testimony supported the plaintiff on this question. There is nothing in the evidence on this question which indicates, or from which it can be inferred that the check was taken by the plaintiff upon any such condition or understanding.

Some sixteen instructions were requested by the defendants and refused by the court. Fourteen of these are based upon the hypothesis that there was evidence tending to show a settlement, or an accord and satisfaction between the parties. For these there was no basis in the evidence as we have seen. There was no error for obvious reasons in refusing the other two instructions. We find no prejudicial error in the oral charge to the jury. The defendants were not materially prejudiced by the remarks of plaintiff's attorney to the jury. The verdict in our opinion is more than just to the defendants, it is liberal; and we think the judgment entered thereon should stand. The judgment is affirmed.

*Affirmed.*