## Hartford Suspension Company, Defendant in Error, v. L. A. Shadburne and A. Sbarbaro, copartners, Defendants (A. Sbarbaro, Plaintiff in Error).

### Gen. No. 17,729.

1. WITNESS, § 206*—*when party may be cross-examined.* Municipal Court Act, § 33, J. & A. ¶ 3345, as to the examination of adverse parties should be reasonably construed, and where a party defendant was called as a witness to establish the question of whether a partnership existed between him and another party defendant, the interest of the witness in having such fact determined not being adverse to the plaintiff, *held,* that the other party defendant should have been permitted to cross-examine such witness.

2. APPEAL AND ERROR, § 963*—*how record may be impeached.* Where the record shows that objection was interposed to the admission of a decree in evidence, such record can not be impeached by mere equivocal statements contained in the stenographic report of the proceedings, such as the statement of the trial judge that according to his "best recollection" no objection was made.

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed October 15, 1913.

RICHARD I. GAVIN, for plaintiff in error; GAVIN & MAYER, of counsel.

ELBERT C. FERGUSON, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

The Hartford Suspension Company brought suit in the Municipal Court against L. A. Shadburne and A. Sbarbaro, partners doing business as Simplex Automobile Co., to recover the price of certain shock absorbers claimed to have been sold to the defendants, and a trial resulted in a verdict and judgment against said defendants for two hundred dollars. To reverse

*See *Illinois Notes Digest,* Vols. XI to XIV, same topic and section number.

this judgment the defendant, Sbarbaro, alone prosecutes this writ of error.

Plaintiff in error denies the existence of the alleged partnership and denies that he is indebted to defendant in error.

Shadburne interposed no defense to the suit, but assumed the attitude of a willing witness for defendant in error to establish the existence of a partnership between himself and plaintiff in error, and was called by defendant in error as a witness under section 33 of the Municipal Court Act (J. & A., ¶ 3345), and examined as if under cross-examination. Upon the conclusion of such examination of the witness by defendant in error, the plaintiff in error claimed the right to cross-examine the witness and requested the privilege of so doing, but such request was denied by the court. On the face of the record the interest of Shadburne, as a party defendant, was adverse to that of defendant in error, but as a matter of fact the interest of the witness in having it determined that a partnership existed between himself and plaintiff in error was not adverse to defendant in error, and the witness readily testified to facts which tended to show such partnership existed.

Where the contentions of the parties as to the facts in issue are conflicting, the ascertainment of the truth with reference to such facts is not the least among the functions of a judicial tribunal, and it must be conceded that the subjection of a witness to a cross-examination which searches his conscience' is one of the most successful methods of eliciting the truth. It is not a sufficient answer to say that plaintiff in error was at liberty to call Shadburne as his own witness, because the attitude of Shadburne would necessarily preclude plaintiff in error from so doing. The section of the statute in question should be given a reasonable interpretation, one that will aid rather than hinder the ascertainment of the truth in judicial proceedings.

Plaintiff in error should upon the record in this case have been permitted to cross-examine the witness. We concur in the dissent expressed by Mr. Justice Smith in *Colekin v. Bamborough,* 159 Ill. App. 130, to the construction of section 33 of the Municipal Court Act (J. & A. ¶ 3345), which denies to plaintiff in error the absolute right to cross-examine the witness Shadburne.

Defendant in error seeks to justify the admission in evidence of a certain decree of the Circuit Court entered in a proceeding wherein Shadburne was complainant and plaintiff in error was defendant, solely upon the ground that it was admitted by the agreement and upon the stipulation of plaintiff in error. The record does not support the position of defendant in error in this regard. The record shows that plaintiff in error objected to the admission of the decree in evidence, and the statement by the trial judge, incorporated in the stenographic report of the proceedings to the effect, in substance, that according to his *best recollection* no objection was made to the introduction of the decree, but the same was admitted by agreement provided the plaintiff would admit that the decree had been appealed from and, which admission was made by the plaintiff, is not sufficient to contradict the positive statement in the record that objection was interposed to the admission of said decree in evidence. The record of judicial proceedings imports verity and may not be impeached by mere equivocal statements. The decree was improperly admitted in evidence and its admission was necessarily harmful to plaintiff in error.

The judgment is reversed and the cause remanded.
                                        *Reversed and remanded.*