(No. 13807.—Reversed and remanded.)
DAISY PETRO, Admx. Appellee, *vs.* WALKER D. HINES,
Director General of Railroads, Appellant.

*Opinion filed October 22, 1921.*

1. NEGLIGENCE—*there must be evidence that the party injured was in the exercise of due care.* To justify a recovery in an action for damages for personal injury there must be evidence of due care by the injured person, and where the injury results in death and there are no eye-witnesses of the accident it is competent to prove that the deceased was a man of careful habits.

2. SAME—*when evidence that deceased was a man of careful habits is not admissible.* In an action for wrongful death, evidence of the habits of the deceased as to care and prudence is not admissible where there is an eye-witness of the injury, as the jury must determine from the testimony of this witness and from the facts and circumstances surrounding the injury whether the deceased was careful or negligent at the time he was killed. (*Illinois Central Railroad Co.* v. *Ashline,* 171 Ill. 313, explained.)

3. SAME—*questions of negligence and of contributory negligence are ordinarily for the jury.* Negligence and contributory negligence are ordinarily questions of fact for the jury, and so long as the questions whether either party has performed his legal duty or has observed that degree of care and caution imposed upon him by law involve the weighing and consideration of evidence they must be submitted as questions of fact.

4. SAME—*what does not render proof of careful habits admissible.* In a railroad accident case, where the locomotive fireman has testified at the coroner's inquest and on a former trial of the case that he was an eye-witness to the accident, the plaintiff is not entitled to prove the reputation of the deceased for careful habits merely because the plaintiff challenges the veracity of the eye-witness.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

W. R. HUNTER, and C. M. CLAY BUNTAIN, for appellant.

AUGUSTINE J. BOWE, and WILLIAM J. BOWE, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

April 1, 1918, appellant, Walker D. Hines, as Director General of Railroads, was operating the Chicago and Eastern Illinois Railroad from Chicago south through the State of Illinois. Between Grant Park and Momence, in Kankakee county, the road ran through a farm operated by John Petro, deceased. West of the right of way is a wooded hill, on which are located the farm buildings. East of the right of way are level, open fields. There are three tracks on the right of way through this farm. The railroad runs almost directly south from Grant Park until it reaches this farm, when it curves to the west around the hill on which the buildings are located. Across the tracks east of the buildings is a farm crossing. The right of way is fenced and there is a gate in each fence. At the farm crossing the tracks are planked. During the day deceased had worked in one of the fields on the east side of the right of way. About sundown he left his work and started toward the house. Appellant's south-bound passenger train, due out of Grant Park at 7:13 P. M., left there a few minutes late. It was running on the west or south-bound track. The fireman, who was sitting on the left-hand side of the engine cab at the time of the accident, testified that when the train was between 1000 and 1300 feet north of the farm crossing he saw deceased at the gate on the east side; that deceased turned from the gate and walked at an ordinary pace toward the tracks; that the engineer sounded the whistle for the crossing about this time and that the bell was automatically ringing; that deceased continued to walk toward the south-bound track, and that he looked toward the train when it was 75 or 100 feet away and then began to run across the track in front

of the train. The engineer, who was sitting on the right-hand side of the engine cab, testified that the first he knew of the presence of deceased was when he saw his body rolling into the ditch on the west side of the track. The train was stopped and deceased was taken to Momence, where he died without gaining consciousness. Appellee filed her declaration in the circuit court of Kankakee county, in which she charged that appellant operated his train without a headlight after sundown, in violation of the statute, and that he otherwise negligently and carelessly operated and managed said train. A plea of general issue was filed and the cause was submitted to a jury. They returned a verdict of guilty, fixing appellee's damages at $10,000. Judgment was rendered on this verdict, and this judgment was affirmed on review by the Appellate Court for the Second District. A certificate of importance was granted and this appeal prosecuted.

Appellee, over the objection of appellant, was permitted to prove that deceased was a man of careful habits. Such proof is admissible where there are no eye-witnesses to the accident. The rule adopted in this State and approved by repeated decisions requires the plaintiff in a personal injury case to prove that the person injured was in the exercise of due care at the time he sustained the injury for which damages are sought. Where the injury results in death and suit is brought by a personal representative the personal representative must show that deceased exercised ordinary care to avoid the injury, but it is not necessary, especially where no one saw the killing, to prove such care by direct testimony but such care may be proven by circumstantial evidence. (*Illinois Central Railroad Co.* v. *Nowicki,* 148 Ill. 29; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Keenan,* 190 id. 217; *Illinois Central Railroad Co.* v. *Prickett,* 210 id. 140; *Chicago and Alton Railway Co.* v. *Wilson,* 225 id. 50; *Collison* v. *Illinois Central Railroad Co.* 239 id. 532; *Moore* v. *Bloom-*

*ington, Decatur and Champaign Railroad Co.* 295 id. 63.) But where there is an eye-witness who saw the infliction of the injury, the jury must then determine from the testimony of this witness and from the facts and circumstances surrounding the injury whether deceased was careful or negligent, and in such case evidence of the habits of deceased as to care and prudence is not admissible. *(Chicago, Rock Island and Pacific Railway Co.* v. *Clark,* 108 Ill. 113.) There was at least one eye-witness to this accident, and the court erred in refusing to exclude this evidence.

The fireman who testified on this trial that he was an eye-witness to the accident had testified at the coroner's inquest and at a former trial of this cause. On both of these occasions he had given substantially the same testimony that he gave on this trial. When appellee offered to show that deceased was a man of careful and prudent habits appellant objected on the ground that the evidence was incompetent unless appellee could show that there were no eye-witnesses. Counsel for appellee contended that under the rule laid down in *Illinois Central Railroad Co.* v. *Ashline,* 171 Ill. 313, the testimony was competent if appellee could raise a substantial doubt as to whether there was actually an eye-witness, his point being that the fireman testified falsely and that he did not actually see deceased go upon the track. The rule announced in the *Ashline case* is no different from the rule announced in all other cases in this State on the subject. It was said in the *Ashline case:* "The evidence leaves the question in doubt whether any person saw the deceased when he was struck by the train, and when such is the case we are inclined to think the evidence admissible." The evidence is not set out in the opinion and we are not able from the opinion to determine exactly what was meant when the court said that there was doubt whether there was an eye-witness. Whatever was meant by the language used, it did not mean that the trial court could permit evidence of habits of care and

prudence to go to the jury whenever a party to a suit challenges the veracity of witnesses who testify that they saw the accident. If they have a right to challenge the veracity of one witness they would have an equal right to challenge the veracity of any number of witnesses. Appellant did not tender his witness to appellee at the time he made his objection. Granting, without deciding, that the trial court committed no error by permitting this evidence to go to the jury in the first instance, it was without question error to deny appellant's motion, at the close of all the evidence, to exclude the evidence of careful habits of deceased.

At the close of appellee's evidence, and again at the close of all the evidence, appellant moved the court to instruct the jury to find the defendant not guilty, on the ground that there was not sufficient evidence before the jury to sustain her cause of action. All controverted questions of fact have been settled by the judgment of the Appellate Court and we are limited in our review of the case to the determination of the question of law presented by this motion. The general rule is that negligence and contributory negligence are questions of fact for the jury, and so long as a question remains whether either party has performed his legal duty or has observed that degree of care and caution imposed upon him by law, and the determination of the question involves the weighing and consideration of evidence, the question must be submitted as one of fact. *(Chicago, St. Louis and Pittsburg Railroad Co. v. Hutchinson,* 120 Ill. 587; *Austin* v. *Public Service Co. ante,* p. 112.) Before we can say, as a matter of law, that there was no negligence on the part of the defendant or that there was such contributory negligence on the part of the plaintiff as to defeat recovery, we must be able to say that all reasonable minds must agree that the defendant was not negligent in his acts or that the injury was the result of plaintiff's own negligence. Inasmuch as we have

decided that this judgment must be reversed we prefer to remand the case for a new trial and to leave this question open, to be determined in view of whatever evidence may be submitted on that trial.

There are other errors assigned and argued, but inasmuch as they are not likely to occur on another trial of this cause we have concluded that to discuss them would unnecessarily lengthen this opinion.

After striking out the evidence of careful habits of deceased there is no evidence in this record of due care, and the judgments of the Appellate Court and the circuit court are reversed and the cause is remanded to the circuit court of Kankakee county for a new trial.

*Reversed and remanded.*

---

(No. 14049.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MIKE STANKEVIC, Plaintiff in Error.

*Opinion filed October 22, 1921.*

1. CRIMINAL LAW—*when instruction as to reasonable doubt is not misleading.* Where the jury are fully instructed as to the presumption of the defendant's innocence, the fact that an instruction defining reasonable doubt speaks of it as a doubt which the jury are "permitted" to entertain does not tend to mislead the jury into believing that an acquittal is not obligatory if they have a reasonable doubt, particularly where the sole purpose of the instruction is to define the term reasonable doubt and to show that it must be as to the whole case and not as to any particular fact.

2. SAME—*when instructions are properly refused.* Instructions are properly refused where they are limited to particular facts and circumstances and not to the whole evidence or where they are fully covered by other instructions given.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding.

T. FRED LARAMIE, for plaintiff in error.
299—16