William R. Houston, Trustee, Appellant, v. Whitney Ingels and Mary C. Ingels, Appellees.

Gen. No. 9,343.

Opinion filed February 24, 1943. Rehearing denied May 4, 1943.

BROWN, HAY & STEPHENS, of Springfield, for appellant; ROBERT W. WILLIAMSON and ALBERT C. SCHLIPF, both of Springfield, of counsel.

THOMAS W. HOOPES, of Springfield, for appellees.

MR. JUSTICE HAYES delivered the opinion of the court.

Plaintiff, William R. Houston, trustee in bankruptcy of A. P. Rodewald and George Dyson, copartners, and A. P. Rodewald and George Dyson, individually, filed a complaint in the circuit court of Schuyler county on August 1, 1940, alleging that defendants executed a certain promissory note at Rushville, Illinois on March 1, 1929, payable to Rodewald and Dyson, which note was in the sum of $2,320, and contained a power of attorney to confess judgment thereon waiving and releasing all errors. Said complaint also alleged that William R. Houston is now acting as trustee of the estates of A. P. Rodewald and George Dyson, copartners and individually, in bankruptcy No. 7762, and as such has succeeded to all of the right, title and interest which the said partnership or which the said individuals had in and to said promissory note, and that the amount due and owing, including principal, interest and attorney's fees, was stated to be $3,452.35. The original note was attached to the complaint.

An affidavit of George Dyson, filed with the complaint, stated that the affiant was acquainted with the handwriting of the defendants, the makers of the note and power of attorney, and that the signatures were the genuine signatures of the defendants, and that the defendants were still living. Defendants, answering by way of *cognovit,* appeared by their attorney, and confessed judgment and further agreed "to waive and release all errors which may have intervened in any such proceeding, and consent to immediate execution upon such judgment." Judgment by confession in vacation was entered by the clerk and execution issued thereafter which was returned not satisfied.

On September 21, 1940 the defendants limiting their appearance for the sole purpose of the motion, filed a

motion to vacate the judgment theretofore entered against them and to quash the execution. On November 6, 1941 defendants, by their attorney, obtained leave of court to amend their motion to vacate to include among the other grounds for said motion that the complaint filed by plaintiff did not show that defendants resided in Schuyler county, Illinois, or had property in that county, or that the note was executed in Schuyler county. On December 4, 1941, the circuit court of Schuyler county entered an order vacating the judgment and dismissing the suit, and plaintiff has appealed to this court to reverse said order of the circuit court.

The principal controversy here is over the effect of the failure of plaintiff to allege in his complaint that defendants resided or had property in Schuyler county where the action was brought or that the note was executed in that county. Section 50, paragraph 5, chapter 110, Ill. Rev. Stats. 1941 [Jones Ill. Stats. Ann. 104.050], of the Civil Practice Act provides that an "application to confess judgment, whether made in term time or vacation, shall be made in the county in which the note or obligation was executed or in the county where one or more of the defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants. A judgment entered by any court in any county other than these herein specified shall have no force or validity, anything in the power to confess to the contrary notwithstanding."

It appears from the face of the note that it was executed at Rushville and this court can take judicial notice that Rushville is located in Schuyler county, Illinois, and is the county seat. Thus, as a matter of fact, this action was brought in the county where the note was executed. Defendants contend, however, that the judgment here was entered by the clerk in vacation, and that in entering the judgment the clerk per-

formed only ministerial duties and that he could not take judicial notice that Rushville was in Schuyler county. They therefore argue that he had no authority to enter up the judgment.

We do not agree with this argument. As was pointed out in *Long v. Coffman*, 230 Ill. App. 527, ''The action of a clerk in entering a judgment by confession in vacation is wholly ministerial. His duties are imposed upon him by the statute and he has no discretion in the performance of them. He is given no power to interpret or to construe the language employed in a note, nor has he the power to pass upon the legal sufficiency or aptness of such language. When he is presented with what purports to be a declaration, a warrant of attorney and a cognovit with such affidavits as may be required, he cannot question the validity or sufficiency of any instrument so presented to him. It is mandatory upon him to file the papers and to enter the judgment. If any of the papers are insufficient, the remedy is to be found in the court, where application can be made to vacate the judgment or to open it up and for leave to plead.'' Thus it was clearly the duty of the clerk to enter the judgment in this case when the necessary papers were presented to him.

Nor do we believe that the judgment so entered was void under the provisions of section 50 quoted above. As we interpret that section, a judgment by confession has no force or validity where as a matter of fact it does not comply with the requirements therein set forth. Thus, defendants on their motion to vacate were required to assert not only that there was no allegation that the note was made in Schuyler county, but also that as a matter of fact it was not made there. It is significant that nowhere in defendants' motion is there any averment that said defendants did not reside in Schuyler county or that they did not execute the note in that county.

The defendants make the contention that the judgment was only entered against one of the defendants,

and this is based on the fact that in writing up the judgment the word "defendant" is used in the singular rather than the plural. This point was not raised in the lower court and cannot now be asserted here.

We have examined very carefully the other grounds assigned for error by the defendants in support of their claim that the judgment is void, but find them without merit. They are of such nature that they were waived by the *cognovit* under the warrant of attorney included in said note. For the reasons herein indicated, the judgment of the circuit court of Schuyler county is reversed and remanded to said court with directions to enter an order vacating its judgment of December 5, 1941, and in lieu thereof enter an order denying the motion of the defendants to vacate said judgment.

*Reversed and remanded with directions.*