Carl E. Edwards, by Elvis W. Edwards, his Father and Next Friend, and Elvis W. Edwards, Plaintiffs-Appellees, v. Jack Martin, Jr., Also Known as John L. Martin, Defendant-Appellant.

Gen. No. 9,931.

Opinion filed March 9, 1954. Released for publication March 25, 1954.

BELLATTI, ARNOLD & FAY, of Jacksonville, for appellant.

EDWARD J. FLYNN, of Jacksonville, and JULIAN HUTCHENS, of White Hall, for appellees.

MR. JUSTICE CARROLL delivered the opinion of the court.

In this action recovery is sought for personal injuries sustained by Carl E. Edwards in an automobile accident and for medical expenses occasioned by such injuries. Jack Martin, Jr., Clyde Evans and Martin Reiser were made defendants. During the trial plaintiffs dismissed their action as to Evans and Reiser. A jury returned a verdict for Carl E. Edwards in the amount of $15,000 and for Elvis W. Edwards in the amount of $1,310.50. Motions for judgment notwithstanding the verdict and for a new trial were denied and judgments entered on the verdicts. The defendant, Jack Martin, Jr. appeals from these judgments.

The grounds for reversal urged by defendant are (1) that the plaintiff was guilty of contributory negligence as a matter of law and (2) that the trial court erred (a) in ruling that the testimony of his co-defendants, Evans and Reiser, called as witnesses under section 60 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 184; Jones Ill. Stats. Ann. 104.060] was admissible against the defendant, or in the alternative (b) in denying defendant an opportunity to cross-examine or examine Evans at the conclusion of his examination by plaintiffs under section 60 of the Civil Practice Act.

There is no serious dispute between the parties as to the material facts. The accident occurred at about 11:00 p. m. March 1, 1952. Plaintiff, Carl E. Edwards, who was eighteen years old, was driving a 1931 Chevrolet coupe east on U. S. Highway 36. At a point about four miles east of Jacksonville in Morgan county his car developed motor trouble. In his testimony plaintiff described this trouble in these words: "Sparks flew out from underneath the floor boards and I smelled rubber and it just died. I shifted to second gear be-

36

cause I thought it would start then but I was going so slow it stopped there." The Edwards' car with its taillight burning stopped on the pavement about three feet south of the center line. Plaintiff thought the car was on fire. With a flashlight he went to the front of the car and raised the hood. A few seconds later he saw headlights approaching from the west and went to the rear of the car and used his flashlight to warn the oncoming driver to go around the stalled car. He stood on the pavement about seven feet behind his car and about three feet south of the black line. The approaching car went around the Edwards' car on the north side, or left half, of the pavement. Plaintiff then saw a car coming from the west that later proved to be a Buick car driven by the defendant, Evans. Evans saw Edwards standing behind his car with a flashlight in his hand. Evans slowed his speed to 30 miles per hour and pulled to the left side of the pavement to pass the Edwards' car. Within a few seconds and while the Evans' car was passing, plaintiff saw the Oldsmobile car driven by the defendant approaching from the west. The defendant, after pulling to his left in an apparent effort to pass the Buick, swerved to the right striking Edwards, injuring him severely. The defendant's car then struck the Evans' car. The defendant did not see Edwards standing behind his car. Plaintiff estimated the speed of the Martin car at from 80 to 90 miles per hour. The defendant testified that his car was proceeding at about 65 miles per hour shortly prior to the accident but was unable to give an estimate as to his speed at the time of the collision. The elapsed time between the stopping of the Edwards' car and when the plaintiff was struck was seven or eight seconds.

A special interrogatory as to whether plaintiff, Carl E. Edwards, exercised due care at and immediately

prior to the occurrence was answered by the jury in the affirmative.

The defendant relies upon paragraphs 185 (a) and (c), chapter 95½, Illinois Revised Statutes, 1951 [Jones Ill. Stats. Ann. 85.217, subds. (a), (c)], as the basis for his argument that plaintiff under the facts in the record must be held guilty of contributory negligence. Paragraph (a) of this statutory provision as applied to this case prohibits a driver from parking, stopping or leaving his vehicle on the paved part of a highway when it is practical to stop or leave such vehicle off such part of said highway. However, paragraph (c) of said statute provides: "This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

█ █ The question of contributory negligence is generally one of fact for the jury. It becomes a question of law only when upon consideration of all the evidence it appears that there has been a complete failure of proof as to this element of the plaintiff's case. Before a court can find, as a matter of law, that a plaintiff cannot recover because of his contributory negligence, it should be able to say that all reasonable minds must agree that the plaintiff's injury resulted from his own negligence. *Illinois Central R. Co. v. Oswald,* 338 Ill. 270; *Petro v. Hines,* 299 Ill. 236; *Hannigan v. Chicago Motor Coach Co.,* 348 Ill. App. 473.

█ The plaintiffs here offered affirmative proof as to the manner in which the Edwards' car stopped on the pavement and as to what the plaintiff, Carl Edwards, did in the emergency thereby created. He testified that the motor of his car had stalled while it was on the pavement; that he tried to start it but was un-

38

able to do so; that he saw sparks come from the floor boards and smelled rubber; that he thought the car was on fire; that he looked under the hood; that he saw the lights of a car approaching from the west; that he went to the rear of the car and waved a flashlight to warn the oncoming motorist to go around the stalled car; that while he was thus engaged and standing behind his car the car of defendant approached at a high rate of speed and struck him; and that the interval of time between the stopping of the car and his injury was a matter of seconds. With this evidence in the record it clearly became the duty of the trial court to submit to the jury the question as to whether the Edwards' car was disabled in such a manner that it was impossible for the driver thereof to avoid stopping temporarily on the pavement. *Johnson v. Mueller,* 314 Ill. App. 204; *Crawford v. Cahalan,* 259 Ill. App. 14.

A further contention of the defendant is that the testimony of his co-defendants, Evans and Reiser, called under section 60 of the Civil Practice Act was not admissible against him.

■ The complaint in separate counts charged liability against Evans, Reiser and the defendant. Plaintiffs called Evans and Reiser as witnesses under section 60 of the Civil Practice Act. Without citation of authority in support thereof the contention is made that their testimony could not be considered as against the defendant. The statute under which Evans and Reiser were called provides substantially that any party to a suit may be examined *as if under cross-examination at the instance of the adverse party or parties.* There is no indication in such provision that the testimony adduced from a party called as a witness thereunder is not admissible against all parties to the suit. So far as the testimony of a party called adversely is concerned it differs in no respect from any other

evidence in the record. It is offered as proof of the facts and circumstances upon which the plaintiff bases his claim to a right to recover. The trial court did not err in holding that the testimony of Evans and Reiser was admissible against the defendant. *Illinois Malleable Iron Co. v. Brennan,* 174 Ill. App. 38; *Kokan v. Costello,* 347 Ill. App. 41.

 The defendant further argues that even though the trial court correctly ruled the testimony of Evans and Reiser to be admissible against the defendant it committed reversible error in refusing defendant's counsel permission to cross-examine or examine Evans immediately following his adverse examination by plaintiffs. To properly evaluate the merit in such contention it is necessary to have a clear understanding of the import of the ruling complained of and the situation prevailing when it was made. The record discloses the following: Counsel for the defendant moved the court to strike from the record the testimony of Evans who had been examined under section 60 so far as the defendant was concerned. The court overruled said motion. Defendant's counsel then asked leave to cross-examine Evans. Upon the court's inquiry as to whether plaintiffs objected thereto, plaintiffs' counsel in substance stated that while he did object to general cross-examination by defendant there was no objection to his asking questions relevant to matters covered on plaintiff's examination. The court then gave expression as to its views on defendant's right to cross-examine Evans. While the statement of the court may to some degree be lacking in clarity, we understand it to mean that the court took the position that the defendant, in the absence of the plaintiff waiving objection thereto, did not have the right to conduct an unqualified cross-examination of Evans but that the defendant would have the right to question the witness

40

on matters on which he had been interrogated by plaintiffs. Counsel for the defendant did not conduct any examination of the witness. It is, therefore apparent from the record that the proposition for which the defendant contends is not involved in the instant case. The court's ruling indicated recognition of the defendant's right to examine but not to cross-examine the defendant, Evans. In numerous cases it has been held that a party called for examination under section 60 of the Civil Practice Act does not become a witness of the adverse party calling him and he is, therefore, not subject to cross-examination as an ordinary witness. He may be examined by the opposing party only on matters to which he has testified upon the examination made by the party calling him. *Horner v. Bell,* 336 Ill. App. 581; *La Prise v. Carr-Leasing, Inc.,* 326 Ill. App. 514; *Combs v. Younge,* 281 Ill. App. 339. Moreover, the defendant fails to point out wherein his rights were prejudiced by the ruling of which he complains. The facts as to the occurrence were not in sharp dispute and the testimony of the defendant does not appear to materially differ from that of Evans.

Upon careful consideration of the whole record it appears that the defendant was accorded a fair trial and the judgments of the trial court are therefore affirmed.

*Affirmed.*

MR. JUSTICE HIBBS took no part in the consideration or decision of this case.