Geraldine Cascio, Administratrix of Estate of Anthony Cascio, Deceased, Appellee, v. Bishop Sewer and Water Company, and Domenico De Francisco, Defendants, and Edmond Peters, Appellant.

Gen. No. 46,188.

Opinion filed May 11, 1954. Rehearing denied June 2, 1954. Released for publication June 3, 1954.

ECKERT, PETERSON & LEEMING, of Chicago, for appellant; A. R. PETERSON, HAROLD W. HUFF, and ROBERT G. SCHLOERB, all of Chicago, of counsel.

JOSEPH D. RYAN, LOUIS P. MILLER and LOUIS G. DAVIDSON, all of Chicago, for appellee.

MR. JUSTICE ROBSON delivered the opinion of the court.

Plaintiff filed her action as administratrix of the estate of Anthony Cascio, deceased, against the Bishop Sewer and Water Company, a corporation, Domenico De Francisco and Edmond Peters, defendants, for the alleged wrongful death of Anthony Cascio as the result of an automobile collision. The case was tried before a jury. During the trial the Bishop Sewer and Water Company was dismissed and an amended complaint was filed as to the other two defendants. Both defendants rested at the close of the plaintiff's case and a joint verdict was returned in the amount of $15,000. Judgment was entered on the verdict and the usual motions were made and denied. Only defendant Edmond Peters appealed. As grounds for reversal he alleges (1) that the evidence is insufficient to sustain the verdict; (2) that the court, by sustaining an objection, improperly precluded his cross-examination under section 60 of the Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 184; Jones Ill. Stats. Ann. 104.060], and (3) that certain erroneous instructions were given.

As to the first point raised by defendant Peters that the evidence is insufficient to sustain the verdict, the record reveals that prior to his death on September 2, 1949, the decedent was employed by the Bishop Sewer and Water Company and was making a trip with defendant De Francisco in his automobile from Chicago to Peoria, Illinois, where he was to build a shanty for a construction project. He and De Francisco and a nine-year old nephew of De Francisco were riding in the front seat. The accident occurred in the open country at night on Highway 66, a two-lane concrete roadway, about one and one-half miles north of Highway 47 in Grundy county, Illinois. The road is level with a very slight curve and with no obstructions near it. It was clear, dry, and the visibility good. As the

De Francisco car approached the scene of the accident, it was going in a southerly direction and was one of a procession of cars, some of which were moving slowly and holding up those who wished to drive faster.

Defendants De Francisco and Peters were called by plaintiff under section 60 of the Practice Act. The facts pertaining to the collision as told by De Francisco are conflicting, vague and often unintelligible. Interpreting them as best we can, a car ahead of him pulled out to pass the procession and he followed it. He later said that he waited until the preceding car got back on its own side of the road. It is clear, however, that when he did get in the northbound lane, traveling at 40 to 50 miles an hour, the car that preceded him was 40 to 50 feet ahead and had turned back into its own lane of traffic. He first said he did not see defendant Peters' car until the car ahead was in its own lane of traffic. Peters was then only 10 or 15 feet from him and had only two small lights. No bright lights. Later he said Peters' car was far away when he first saw it. He attempted to turn back into his own lane, but the gap between the southbound cars had closed and he couldn't regain his side of the road. He turned to the left in an effort to get off the pavement, but, before he was able to do so, the collision occurred with the defendant Peters' car at about the right front seat where the decedent was sitting.

Defendant Peters' version of the accident is that he had been in Peoria, had finished his work, and with a fellow employee was returning to his home near Chicago. They had dined at Pontiac, which is a short distance from the scene of the accident, and resumed their journey after dinner. The southbound traffic was very heavy in that it was just before Labor Day. The northbound traffic was light. He was driving at a speed of fifty to sixty miles an hour with his driving lights on. From time to time cars traveling in the

southbound lane would pull out and pass other cars going in the same direction. As he approached the point of the accident there was a long line of traffic going south. He saw a southbound car about 150 or 200 feet ahead of him turn out to pass the slower moving cars and then get back in its own lane. Defendant Peters continued to drive at the same rate of speed. About 100 to 150 feet behind this first car came a second car turning out to pass, which was driven by De Francisco. He saw De Francisco was unable to get back in his own traffic lane and- applied his brakes. There were skid marks of 75 feet leading to the point of impact. These marks were in the northbound lane. De Francisco left no skid marks. The passenger riding with Peters told substantially the same story.

██ Defendants introduced no evidence but moved to direct a verdict at the close of plaintiff's case. When the motion was denied, the case went to the jury. Under these circumstances all inferences arising from the evidence must be taken most strongly in favor of the plaintiff. *McCune v. Reynolds,* 288 Ill. 188, 190. The decedent was a passenger in the car and riding with defendant De Francisco as an employee. No question can arise with respect to the alleged negligence of De Francisco. The only question is whether the evidence as to defendant Peters' negligence considered of itself was properly submitted to the jury. By Peters' own testimony and that of the passenger in his car, they were traveling at night at a speed of fifty to sixty miles an hour on a two-lane highway. The traffic going in the opposite direction was very heavy. Cars were constantly passing each other. Peters maintained his speed when he saw two cars pull out of the southbound lane to pass. He applied his brakes when defendant De Francisco was about 100 to 150 feet away. He said it would require from 150 to 250 feet to bring his vehicle to a stop from a speed of sixty miles an hour.

■■ Did Peters act as an ordinary prudent and careful person similarly situated would have? The statute forbids a rate of speed that is greater than is reasonable and proper having regard to the traffic in the use of the way. Ill. Rev. Stat. 1949, chap. 95½, par. 146 [Jones Ill. Stats. Ann. 85.178]. Negligence does not become a question of law unless the evidence, which may be properly weighed upon the motion to direct a verdict, is such that all reasonable men would agree in their deductions from it; and if, from the facts bearing upon the question of negligence, reasonable men of fair understanding might draw different conclusions, the question is one of fact, not of law, and must be submitted to the jury. *Chicago & N. W. Ry. Co. v. Hansen,* 166 Ill. 623; *Hoehn v. Chicago, P. & St. L. Ry. Co.,* 152 Ill. 223; *Petro v. Hines,* 299 Ill. 236. Under the circumstances we are of the opinion that the rate of speed was a question of fact for the determination of the jury and not one of law for the court.

As to defendant's second ground for reversal, the facts are that defendant De Francisco was examined at length by plaintiff under section 60 of the Practice Act as an adverse witness. He was questioned concerning a statement given by him at the Veterans Hospital at Dwight, Illinois. From the questions and answers read from these statements it would appear that they contradicted those made by him at the trial. Counsel for defendant Peters started to interrogate De Francisco about the statement. His attorney objected. The court sustained it and refused to permit further questioning about the statement. Defendant Peters contends that he was entitled to examine De Francisco as to the questions and answers included in the statement and the action of the trial court in sustaining the objection was prejudicial. Attorney for plaintiff contends that Peters had the right to call De Francisco as his witness to explain the statement given by De Fran-

383

cisco at the hospital and that Peters, having failed to introduce any testimony or defense, other than his testimony under section 60 of the Practice Act, is precluded from objecting at this time. Plaintiff further states that even if Peters was entitled to examine his codefendant immediately as to the statement, the objection having been made by his codefendant and not the plaintiff, who had nothing to do with it, he should not be penalized for a dispute between the defendants. In the case of *Hartford Suspension Co. v. Shadburne,* 182 Ill. App. 426, the first opinion in this State on this point, this court construed section 33 of the Municipal Court Act, Ill. Rev. Stat. 1953, chap. 37, par. 388 [Jones Ill. Stats. Ann. 108.056], which is substantially the same as section 60 of the Practice Act, to give to a codefendant the right to examine another defendant who had been called as an adverse witness by plaintiff.

■ ■ In *Wist v. Pitcairn,* 305 Ill. App. 167, 26 N.E.2d 998, this right was expressly recognized under section 60 of the Practice Act. Practice under similar statutes in other jurisdictions has been given the same effect. (See *Horner v. Bell,* 336 Ill. App. 581, 588, and authorities there cited; *Moehlenbrock v. Parke, Davis & Co.,* 141 Minn. 154, 169 N. W. 541; and cf. *Gorezki v. Ideal Creamery Co.,* 180 Minn. 13, 230 N. W. 128; *Breuer v. Arenz,* 202 Wis. 453, 233 N. W. 76.) This right is to be limited to matters to which the witness testified upon the examination made by the party calling him. (See *Combs v. Younge,* 281 Ill. App. 339; *Branch v. Woulfe,* 300 Ill. App. 472; *Horner v. Bell, supra; Edwards v. Martin,* 2 Ill.App.2d 34, 117 N.E.2d 864.) This right, moreover, should be immediate, and the codefendant should not be required to wait until making his own case to call the other codefendant as his witness, especially where the attitude of the witness-codefendant would necessarily preclude the other defendant from doing so practicably and with

384

equal effect. (See *Hartford Suspension Co. v. Shadburne, supra;* and cf. *Gorezki v. Ideal Creamery Co., supra; Breuer v. Arenz, supra.* But cf. *Branch v. Woulfe, supra.*)

■■ Applying these statements of law to the facts, it would appear that on the face of the record the statements made by De Francisco in the hospital might or could have been inconsistent with those at the trial. The record is not clear, but it would seem he attempted to explain these inconsistencies by suggesting that he was unconscious when he gave the statement. There is no question but what De Francisco was negligent and therefore liable. It was to his advantage to curtail his examination on these points by codefendant Peters and thus attempt to hold Peters liable as a joint tort-feasor. The court in sustaining De Francisco's objection prevented Peters from clarifying the circumstances under which the statement was given in the hospital and from trying to properly show the inconsistencies between the questions and answers in the statements and his testimony at the trial. We fully realize that plaintiff was an innocent bystander on this issue but it was he who had opened up this line of examination. Peters was entitled to the immediate right to question him on this point. He was entitled to a fair trial and should have been afforded the same opportunity to have his case tried by the jury free from rulings by the court that were prejudicial to his cause. This was a close case and the ruling of the trial court on De Francisco's objections might or could have prejudiced the jury as to defendant Peters. We, therefore, conclude that under all of the circumstances the action of the trial court in sustaining the objection was reversible error.

■ Finally, as to the third ground for reversal, defendant asserts that the trial court erred in giving certain instructions. We have read those specified in the motion for new trial and are convinced that the

criticisms made are not sufficient to constitute error. Objection was made on appeal to one instruction which was not specified in the motion for new trial. This court in the case of *Rudolph v. City of Chicago*, No. 46141, filed May 11, 1954, adhered to the holding in *Krug v. Armour & Co.*, 335 Ill. App. 222, and the cases that follow it. This decision applies to this instruction.

The judgment of the trial court is reversed and the cause remanded with directions to allow defendant's motion for new trial.

*Judgment reversed and cause remanded with directions.*

SCHWARTZ, P. J., concurs.
TUOHY, J., took no part.