William H. Thompson, Appellee, v. Evelyn Weible, Appellant.

Term No. 58–M–10.

Fourth District.

September 11, 1958.

Released for publication December 8, 1958.

Baker, Kagy & Wagner, of East St. Louis (Bernard H. Bertrand, of counsel) for appellant.

Listeman and Bandy, of East St. Louis (C. E. Heiligenstein, of counsel) for appellee.

JUDGE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of St. Clair County entered on verdict of a jury in the sum of $6750. The action was maintained to recover damages for personal injuries sustained in a motor vehicle accident. It is contended by defendant on appeal in this court that the defendant was not guilty of wilful and wanton misconduct and that the plaintiff was guilty of wilfulness, and that the proximate cause of the accident was the negligence of a co-

defendant in the operation of his motor vehicle. There is also a contention made that the Trial Court erred in preventing the defendant Weible, who is Appellant, from cross examining the co-defendant, Colclasure, when such defendant was called to the stand under Section 60 of the Civil Practice Act [Ill. Rev. Stats. 1957, ch. 110, § 60] of the State of Illinois. It is also contended by defendant that there was error in permitting certain evidence to be heard by the jury, and that the Court erred in ruling on certain instructions.

The record shows that the collision in the case occurred at the intersection of a 22 foot wide boulevard with a north and south highway which was approximately 22 to 24 feet wide. Traffic at the intersection was controlled by highway department stop signs which required motor vehicles traveling on the highway called Black Lane to stop before entering upon Forest Boulevard. Plaintiff was riding as a guest passenger in the front seat of an automobile operated by defendant who is his sister. They were returning to defendant's home from the office of a doctor where plaintiff had been for examination of his foot which had been injured previously. His leg was in a cast.

As the automobile operated by the defendant proceeded over Black Lane toward the intersection it entered the Boulevard, apparently without decreasing its speed of 40 to 45 miles per hour. At about this time the co-defendant Colclasure was driving east on Forest Boulevard at a speed of about 40 to 45 miles per hour, on the right-hand side of the Boulevard. When the automobile of the defendant drove past the stop sign plaintiff saw the Colclasure automobile west of the intersection and said to the defendant. "Look out, Sis." Defendant started to apply her brakes but drove into the intersection and then began to accelerate to get out of the path of the Colclasure automobile. The collision took place in the center of the intersection. The

Colclasure automobile did not leave its proper driving lane at any time. Defendant admitted she did not stop before she drove into the intersection and also stated that she did not know of the presence of the Colclasure automobile until plaintiff warned her of its approach. Colclasure had slowed down when he saw defendant's automobile but thought that she would stop, and then applied his brakes when he saw that the defendant was not going to stop. Colclasure skidded along the south half of the boulevard into the side of the defendant's automobile. Plaintiff was thrown from defendant's automobile and suffered numerous injuries which it is unnecessary to detail at this time.

■ After the collision defendant told the investigating police officer she did not stop at the stop sign. She was arrested for failure to make a stop, and appeared before a Justice of the Peace and paid a fine of $9 for failure to obey the stop sign by her own admission. The fact that defendant failed to stop at the stop sign before driving onto the boulevard and to ascertain that the Colclasure automobile was close to the intersection so as to make it dangerous for her to enter, made it a question of fact for the jury whether she acted wilfully and wantonly (Hering v. Hilton, 12 Ill.2d 559, 564).

During the course of the trial Colclasure was called as an adverse witness under Section 60 by plaintiff. The Trial Court did not permit counsel for defendant Weible to cross examine the defendant Colclasure, and it is now contended that the action of the Trial Court in preventing such examination constituted reversible error. Colclasure was directed out of the case at the close of the plaintiff's evidence when the record failed to show liability on the part of Colclasure. It is pointed out on appeal in this Court by the plaintiff that one who, like the defendant, inflicts harm on her passenger cannot look to an innocent third party to help pay the amount of the judgment, and can derive no benefit

from nor complain of the action of the Trial Court in this regard (Pearman v. Morris, 15 Ill.App.2d 486, 494).

■ Reference is made by Appellant to the case of Cascio v. Bishop Sewer & Water Co., 2 Ill.App.2d 378. In that case (at page 385), the Court pointed out that it was a close case and the ruling of the Trial Court on the objection made might or could have prejudiced the jury as to the defendant raising the question on appeal. In the case before us the plaintiff, so far as the record discloses, was an innocent party to the objection and the ruling of the Court. We note also that defendant did not testify on her own behalf after the plaintiff rested. Under the facts in the record we cannot view this as a close case so far as the facts in evidence are concerned.

While it was error not to have permitted the attorney for defendant to further examine the witness called under Section 60, on matters on which he had been interrogated by plaintiff (Edwards v. Martin, 2 Ill.App.2d 34, 41), under the facts in the record before us, this does not constitute reversible error.

■ The evidence of the traffic violation and payment of the fine which was presented did not under the facts in the record constitute reversible error. Inasmuch as there was in the record uncontradicted evidence of the admission of the defendant Weible (including her own testimony under Section 60 of the Practice Act) that she did not stop at the stop sign in question, the evidence of the payment of a fine added nothing and was prejudicial to the defendant's case.

■ In the trial of the case when plaintiff attempted to show that he previously had tuberculosis, the objection of defendant thereto was sustained and the jury was instructed to disregard such attempted showing. One of the defendant's witnesses however related a conversation with plaintiff where plaintiff related his

experience with tuberculosis and his anxiety concerning the effects of the collision on the scar tissue resulting from that disease. Defendant, under such showing in the record, is not now in a position to complain that the Court erred in admissions or in ruling on such evidence (Powell v. Weld, 410 Ill. 198, 204).

■ Another point raised on appeal is that the Court erred in admitting a medical opinion which rested on guess work or conjecture, and that the opinion of the doctor was not based on a reasonable degree of medical certainty. The doctor who testified saw the plaintiff both before and after his injury and actually treated him. We have examined such evidence carefully and see nothing which would place the conclusions of the doctor in the realm of speculation. It is contended that a certain type of clinical test must be shown before a ruptured disk can be established, but there is nothing in the record to show that this is necessarily so. The doctor who testified stated he had the benefit of x-rays, physical examinations, and recognized tests used by orthopedic men to help him make a diagnosis. If other tests were required to assist in such diagnosis the record fails to show that such tests would be indispensable before the conclusion would be justified.

■■ Complaint is also made of the giving and refusing of instructions. We have said many times that the test to be applied in considering instructions is not whether each instruction tested alone is free from technical objection, but whether the instructions considered as a whole and read as a series are sufficiently clear so as not to mislead the jury (Hulke v. International Mfg. Co., 14 Ill.App.2d 5, 51–52). We have examined the instructions as a series and they could not conceivably have misled the jury although certain technical deficiencies could be pointed out in connection with certain of the instructions. Under the circum-

stances and upon a review of the entire record we must conclude that there is no reversible error.

The judgment of the Circuit Court of St. Clair County will, therefore, be affirmed.

Affirmed.

BARDENS, P. J. and SCHEINEMAN, J., concur.