Economy Truck Sales & Service, Inc., a Corporation, Plaintiff-Appellee, v. Maurice Granger, Defendant-Appellant.

Gen. No. 64-137.

Second District.

July 9, 1965.

Stanley A. Durka, of Waukegan, for appellant.

Seymour A. Greenblatt, of Waukegan, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the Court.

In the case at bar, judgment was entered by confession against defendant in the County Court of Lake County, on two promissory notes, in the sum of $1,402.77 and costs. Defendant filed three petitions to vacate such judgment, the latter being his second amended petition. On June 1, 1964, the judgment was opened and leave granted to defendant to plead to the complaint; and the judgment was ordered to stand as security.

The verified second amended petition asserted that the plaintiff exceeded the authority granted in the purported warrant to confess judgment. It also stated the defense relied on in the trial of the cause, and set forth in the defendant's answer as an affirmative defense, namely: that plaintiff did previously accept from Ashley Granger, a son of the defendant, a certain promissory note in the sum of $2,200 in full settlement and release of defendant's two promissory notes on which said judgment was predicated; and that plaintiff did agree to accept trucking services in payment thereof, which services could be rendered at the option of Ashley Granger. Defendant charged that said two promissory notes were thereby fully satisfied and that therefore he was no longer indebted thereunder.

Plaintiff filed a counteraffidavit to the second amended petition to vacate the judgment by confession and filed a reply to the answer. These pleadings denied the affirmative defense and joined issue thereon.

At the conclusion of the bench trial on August 6, 1964, the trial court vacated the judgment by confession entered on August 20, 1963, in the sum of $1,402.-77, and entered judgment in favor of the plaintiff and against the defendant for $804.74 and costs. This appeal followed.

The defendant admitted that he executed the notes sued on, but testified that they were signed by him in

113

connection with tires which Ashley Granger purchased from plaintiff. The defense of payment, other than by the giving of the $2,200 note, was not pleaded.

Stanley Dembinsky, Jr., president, chief shareholder of plaintiff corporation and its associate companies, and manager thereof, was called as a witness by defendant under section 60 of the Civil Practice Act. He admitted that there was a credit of $203.66 due defendant on the notes in question. Thereupon, defendant's counsel, over plaintiff's objection, offered evidence in the nature of a summary of the accounts between the defendant and the five other corporations which were closely associated with plaintiff. Such evidence reflected that on August 1, 1959, defendant owed plaintiff $1,011.95 and two other corporations $334.23. The Court admitted such evidence, subject to its materiality.

Thereupon, plaintiff's counsel, after some hesitation, produced for defendant a true and complete record of its account with defendant. Such account did not refer to the other five associated companies. Defendant sought to offer further proof in the nature of a general accounting with all six corporations. The Court refused to admit such testimony and limited the proof to the payments which were made to plaintiff on the two promissory notes upon which judgment was entered. The Court based its ruling on the fact that defendant had pleaded that his son had given a new note in payment of the notes entered in judgment; that the giving of such note was predicated upon an account stated between the parties at such time; and that defendant could not repudiate the balance of such account stated by testimony in this proceeding.

Ashley Granger, who was twenty years old at the time of the transaction in question, testified that he gave the defendant the $2,200 note to cover his father's two notes which were entered in judgment

114

and other accounts. Stanley Dembinsky, Jr., testified that Ashley Granger signed the $2,200 note to guaranty his father's account. The trial court, apparently, accepted Mr. Dembinsky's testimony as reflecting the more acceptable version of this transaction.

The defendant urges reversal of the judgment entered by the trial court on August 6, 1964, for the various reasons hereinafter discussed. First, he contends that, upon the hearing on the merits after the vacation of the judgment previously entered, the plaintiff was required to again prove up the notes on which the judgment was entered.

Apparently, the original notes were admitted in evidence upon the entry of judgment thereon, since the judgment order permitted the substitution of copies for said notes and said copies are a part of the record and are marked filed on the date judgment was entered. The defendant admitted the execution and delivery of the notes in his second amended petition and answer. In order to raise the defense of lack of execution or delivery, the defendant was required to assert it in his motion to vacate the judgment. Houston v. Ingels, 318 Ill App 383, 386, 48 NE2d 196 (3rd Dist 1943); 23 ILP (Judgments) sec 194, p 283. Generally speaking, the burden is on the defendant, in such cases, to plead and prove the facts on which he relies for the vacation of the judgment. Whitton v. Whitton, 64 Ill App 53, 57 (3rd Dist 1895); 23 ILP Judgments, sec 195, p 286. All general presumptions and inferences of fact, including the presumption in favor of the regularity and validity of the judgment, are indulged in favor of judgments by confession entered by the court. Alton Banking & Trust Co. v. Gray, 347 Ill 99, 107, 179 NE 469 (1932); 18 ILP (Evidence), sec 26, p 161. Thus, this defense is without merit.

Defendant also urges that the trial court erred in limiting his proof to matters deemed pertinent to his

affirmative defense and in refusing to admit in evidence statements relating to amounts which defendant owed, not only to plaintiff but also to the five associated companies. However, defendant did not plead payment of the notes upon which judgment was entered; rather he pleaded, as an affirmative defense, the release and satisfaction of said notes by plaintiff's acceptance of Ashley Granger's note for $2,200.

 Payment is an affirmative defense, and if defendant desired to assert such defense, he was required to plainly set forth such facts in his pleadings in order that plaintiff might not be taken by surprise at the trial. Ballard v. Trainor, 285 Ill App 509, 520, 2 NE2d 375 (1st Dist 1936); Ill Rev Stats 1963, chap 110, pars 33(1) and 43(4). This he failed to do, and a defense not properly pleaded is deemed waived, even though it may appear to be within the evidence. Hunsley v. Aull, 387 Ill 520, 523, 56 NE2d 773 (1944); Parker v. Dameika, 372 Ill 235, 237, 23 NE2d 52 (1939); Seaburg v. Williams, 23 Ill App2d 25, 30, 161 NE2d 576 (2nd Dist 1959).

Defendant also charges that "plaintiff's evidence that the third note ($2,200.00 note) was a mere guaranty of defendant's account was both irrelevant and incompetent." His witness, Ashley Granger, testified that the $2,200 note was given to cover the notes entered in judgment and other accounts, yet he indicated that no reference was made to the two notes at the time the $2,200 note was given to, and accepted by, the plaintiff; and he testified that nothing had been paid on that note. This evidence was offered to sustain defendant's affirmative defense.

Plaintiff's president testified that Ashley Granger gave this note as a guaranty on his father's account; and that it was accepted as such by plaintiff. He first testified in this respect when called as a witness by defendant under section 60 of the Civil Practice Act

116

(Ill Rev Stats 1963, c 110, par 60), and later, when testifying on plaintiff's behalf. Defendant, who first elicited this testimony, objected to it as hearsay evidence, and as irrelevant and incompetent when Dembinsky so testified on plaintiff's behalf.

■■ A party called for examination under section 60 of the Civil Practice Act does not become a witness of the party calling him, and, therefore, is not subject to cross-examination as an ordinary witness. Such witness may, however, at the discretion of the Court, be examined immediately by the opposing party only on matters to which he testified upon examination by the party calling him. Edwards v. Martin, 2 Ill App2d 34, 41, 117 NE2d 864 (3rd Dist 1954); Cascio v. Bishop Sewer & Water Co., 2 Ill App2d 378, 384, 385, 119 NE2d 531 (1st Dist 1954). Since, plaintiff, at the discretion of the Court, could properly have examined Dembinsky at the conclusion of his testimony under section 60, as to the matters upon which he had testified, we believe that the Court properly permitted him to be examined on these matters when later called as plaintiff's witness. Inasmuch as defendant originally offered in evidence the testimony which he later objected to as hearsay evidence, we hold that it is immaterial whether or not the evidence under consideration was hearsay.

The trial court, after full hearing, reduced the amount of the judgment to reflect the $203.66 payment on said notes, as well as the interest properly due after allowing such credit; and the attorney's fees included in the original judgment were disallowed.

■ Defendant further asserts that this judgment is against the manifest weight of the evidence. In order for such contention to be sustained, an opposite conclusion must be clearly evident. Larson v. Fell, 55 Ill App2d 418, 428, 204 NE2d 475 (2nd Dist 1965); Borst v. Langsdale, 8 Ill App2d 88, 93, 130 NE2d 520

(2nd Dist 1955). Such conclusion is not clearly apparent in the case at bar.. We find no reason to disturb this judgment and accordingly, it is affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.