GRACE KINNAH et al.

v.

JOSEPH KINNAH, Jr. et al.

*Opinion filed February 19, 1900.*

1. APPEALS AND ERRORS—*instructions need not be considered where verdict is treated as advisory.* Instructions need not be considered on appeal, in a chancery case, where it appears from the record that the chancellor accepted the finding of the jury as advisory only, and rendered a decree upon a consideration of the evidence produced by the respective parties.

2. SAME—*chancellor's findings from oral testimony not lightly disturbed.* The chancellor's findings of fact, based upon the testimony of witnesses whom he saw and heard testify, will be accepted by the Supreme Court unless palpably erroneous.

3. SUBROGATION—*when a decree properly provides for subrogation.* A decree setting aside a deed for want of mental capacity, and declaring the title to be in complainants subject to a mortgage given by the grantee upon the land in controversy and other tracts owned by him, may properly provide that in default of payment of the mortgage debt the complainants may pay the same and be subrogated to the rights and liens of the mortgagees.

4. LIS PENDENS—*creditors attaching pendente lite acquire no interest superior to that of the debtor.* Creditors of a grantee who issue and levy attachments pending proceedings to set aside the deed to the grantee acquire no interest superior to that of the grantee, as against the successful complainants.

APPEAL from the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

JACK & TICHENOR, for appellants.

ISAAC C. EDWARDS, and DAN F. RAUM, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This appeal challenges the correctness of a decree in chancery setting aside and vacating a deed executed by one Margaret Kinnah, deceased, purporting to convey to John S. Kinnah, her son, eighty acres of land for the

consideration of one dollar, and decreeing the land mentioned in the deed should be partitioned among the heirs of the grantor, one of whom was the grantee in the deed. The grounds of attack upon the deed were, (1) that the said grantor was lacking in mental capacity to make and execute it; and (2) that its execution was procured by the exercise of undue influence on the part of the grantee. Issues of fact arising out of these grounds were submitted for trial by jury. On the first hearing the jury were unable to agree. A second jury returned special verdicts sustaining the truth of both charges relied upon to avoid the deed.

It appears from the record the chancellor did not adopt the finding of the jury, but rendered a decree setting aside and vacating the deed upon consideration of the evidence produced by the respective parties. In such state of the record it is not material to consider whether the jury were correctly instructed by the court as to the rules of law applicable to the cause. The decree is the result of the judgment of the court as to the facts established by the weight of the evidence, and it is only necessary we should determine whether the record discloses sufficient testimony, competent to be considered, to justify and uphold the conclusion as to matters of fact reached by the court, and that the decree of the court resulted from the application of correct legal principles to the state of case made by the proofs. (*Guild* v. *Hull*, 127 Ill. 523.) When the court, in such cases, accepts the verdict of the jury as establishing the facts and enters a decree *pro forma* thereon, the instructions given by the court to the jury may be reviewed in this court; but not so when, as here, the finding is the independent act of the chancellor. We may, however, remark, an examination of the instructions in the light of the criticisms of counsel upon them has not served to induce the belief the views of the law entertained by the chancellor were incorrect in any substantial particular.

It is not urged in the briefs incompetent evidence was introduced or that the court improperly refused to receive any competent testimony.

Upon the question of the mental status of the grantor there is much testimony *pro et con.* A number of witnesses testified to facts consistent only with the view the grantor, who was an aged and feeble woman, was lacking in mental strength and power to execute the instrument, and which seemed to justify the conclusion expressed by such witnesses that she was wanting in mental capacity. In addition to that, it was proven the grantee, on several occasions about the time and immediately prior to the execution of the deed, expressed it to be his opinion the grantor was at times incapable of rational action. The record also contains a letter written by the grantee a few months after the execution of the deed, in which he stated "mother (the grantor) is getting some better, but she is not in her right mind all the time yet." It is true, a greater number of witnesses expressed the opinion the grantor possessed requisite mental power and capacity to dispose of the land; but the chancellor saw all the witnesses, heard them all testify, and therefore could better judge than can this court as to the credibility of the witnesses, and as to the weight and value of their testimony and of the opinions they respectively entertained. It is wholly unnecessary we should attempt to review the evidence in detail. We have patiently and thoroughly consulted the testimony appearing in the record, and find it not possible to demonstrate the chancellor, who enjoyed such superior opportunities for reaching correct conclusions as to the truth of the fact in issue, fell into manifest and palpable error in his determination as to the weight of the evidence. The findings of a chancellor upon questions of fact, based upon the statements of witnesses whom he saw and heard testify, must be accepted by this court unless found to be clearly and palpably erroneous. (*Higgins* v. *Wisner*, 170 Ill. 220; *Miltimore* v.

*Ferry*, 171 id. 219.)  Expressions of this court in *Shevalier* v. *Seager*, 121 Ill. 564, are here much in point.

It being established the grantor had not sufficient mental capacity to make the deed, it is immaterial to determine whether the execution of that instrument was induced by the exercise of undue influence on the part of the grantee.

The complainants and defendant in the original bill are the heirs-at-law of the grantor in the deed sought to be avoided, the deed having been made by the grantor to one of her sons.  After the execution of the deed, and prior to the filing of the bill to vacate it, the grantee in the deed, in order to secure a debt of his own, evidenced by his promissory note payable to the order of Peter and Edward Auten, partners under the name and style of Auten & Auten, executed a trust deed in the nature of a mortgage to Lemuel Auten, as trustee, whereby he mortgaged the said tract of land mentioned in the deed, together with three other tracts of land of which he was the owner, to secure the said note.  An amended bill was filed setting up the execution of the said trust deed or mortgage, and bringing in the trustee and the payees of the note as defendants in the cause.  The trustee and the said payees of said note answered the bill.   The decree recited the deed made to the mortgagor, and established title to the tract attempted thereby to be conveyed in the heirs-at-law of the grantor but upheld the validity of the lien of the mortgage, and directed that the trustee and payees, in the enforcement of the mortgage lien, should first resort to the tracts of land other than that to which the mortgagor claimed title by virtue of the deed which the decree declared should be vacated, declaring, however, the right of the mortgagees to enforce the lien of the mortgage against that tract also if the other tracts proved insufficient to produce the amount of the mortgage debt.  The decree found the mortgage debt to be past due and unpaid, and established the amount

thereof, and ordered that in the event the debtor did not pay the same within thirty days, the owners of the land described in the vacated deed, other than the debtor, should be authorized to make the payment and should be subrogated to all the rights and liens possessed by the mortgagees.

There is no force in the suggestion it was beyond the power of the chancellor to incorporate these provisions in the decree. The owners of the land had clear right to relieve their property from the lien of the mortgage and to pay the mortgage debt, if that course proved necessary in order to discharge the lien. (2 Story's Eq. 1023.) This right existed, no doubt, independently of the decree; but it is the well and long established rule of equity that one entitled to remove a lien against his property, and who pays the debt of another in order to relieve his property from such lien, shall become substituted in the place of the holder of the lien and be vested with all the rights and remedies possessed by such lienholder. (*Beaver* v. *Slanker*, 94 Ill. 175; 2 Story's Eq. 1023; 15 Am. & Eng. Ency. of Law, 864-867.) The decree but provided for the enforcement of this equitable doctrine.

After the verdict of the jury had been returned, but before the court had proceeded to decree, the appellants (except Grace Kinnah) applied to the court for, and were granted, leave to file an intervening petition. It appeared from this petition the petitioners were creditors of the grantee in the deed decreed to be set aside. Said petitioners based their right to relief upon liens obtained by levies made on the land mentioned in the deed, by virtue of attachment writs issued in their favor, respectively, against the grantee in the deed. The writs of attachment were issued during the pendency of the cause, and it is not, and cannot be, seriously contended such attaching creditors obtained any interest in the land superior to that of their debtor.

The decree is affirmed.

*Decree affirmed.*