## Gerhard Schottman v. L. H. Clearwater.

1. FINDINGS—*Of a Chancellor on Conflicting Oral Evidence Conclusive.*—The findings of a chancellor based on conflicting oral testimony will not be disturbed on appeal, in the absence of clear and palpable error.

2. COSTS—*In Chancery Proceedings.*—In all cases in chancery not otherwise directed by law, it is in the discretion of the court to award costs or not, and the exercise of such discretion will not be reviewed except for abuse.

**Bill for an Injunction.**—Appeal from the Circuit Court of Jasper County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the August term, 1901. Affirmed. Opinion filed October 21, 1901.

GEORGE W. FITHIAN, R. J. KASSERMAN and H. M. KASSERMAN, attorneys for appellant.

GIBSON & JOHNSON and I. D. SHAMHART, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery, in the Circuit Court of Jasper County, by appellant against appellee, to enjoin appellee from constructing a certain ditch and from discharging water upon the lands of appellant, and a cross-bill by appellee against appellant to enjoin appellant from maintaining certain headlands, dams, dikes and obstructions. Upon final hearing the Circuit Court denied the relief prayed by appellant, dismissed his bill, granted the relief prayed by appellee in his cross-bill, and decreed that appellant pay the costs.

The errors assigned are :

" First.    The court erred in dismissing the original bill and denying to the complainant the relief prayed therein. Second.    The court erred in decreeing to the cross-complainant the relief prayed in the cross-bill.    Third. The court erred in decreeing to the cross-complainant any relief whatever.    Fourth. The court erred in decreeing the complainant to pay the costs of suit.    Fifth. The court erred

in not decreeing the cross-complainant to pay the costs of suit. Sixth. The court erred in denying to the complainant the relief prayed for in his original bill."

The respective bills and answers raised controlling issues of fact. To resolve these issues, some thirty witnesses were produced and testified *pro* and *con*. The testimony was conflicting and in some instances directly contradictory. The case must turn wholly upon the weight of the evidence as to the various controlling issues of fact involved.

The testimony was taken orally in open court. The presiding judge heard and saw the witnesses. The findings of the chancellor based on conflicting oral testimony will not be disturbed on appeal, in the absence of clear and palpable error. Hawley v. Hawley, 180 Ill. 594; Village of Itasca v. Schroeder, 182 Ill. 192; Kinnah v. Kinnah, 184 Ill. 284.

Concerning costs in chancery cases, the statute, Chap. 33, Sec. 18, Hurd's, 1899, provides that in all cases in chancery, not otherwise directed by law, " it shall be in the discretion of the court to award costs or not." The exercise of the discretion provided for in this statute will not be reviewed, except for abuse. Askew v. Springer, 111 Ill. 662; Rodgers v. Tyley, 144 Ill. 652.

We find no substantial error in this record. The decree of the Circuit Court is affirmed.

# CASES

IN THE

# APPELLATE COURT OF ILLINOIS.

## FIRST DISTRICT—MARCH TERM, 1901.