Mary E. Horns, Also Known as Mary E. McKenna, Plaintiff-Appellee, v. Stacy Johnson et al., Defendants-Appellants.

## Gen. No. 11,146.

Second District, Second Division.
April 23, 1958.
Released for publication May 10, 1958.

Gray, McIntire, Petersen & Ackman, of Kankakee, for defendants-appellants.

T. R. Johnston, of Kankakee, for appellee.

JUSTICE WRIGHT delivered the opinion of the court.

This was an action upon a promissory note. Judgment by confession was rendered in favor of the plaintiff for $1,956.34. On motion of the defendants, the judgment was opened. Thereafter an answer and reply were filed and trial was had before the court on the merits, without a jury. The court then rendered judgment in favor of the plaintiff for the same amount, from which judgment this appeal is taken.

The plaintiff, at the time the note in question was given by the defendants, was a widow residing in and owning her own home in Kankakee, Illinois. The defendant, Stacy Johnson, was a real estate broker with offices in Kankakee, who had been keeping company with the plaintiff, had access to her home, had a key to her house and spent much of his time there.

On April 21, 1956, the date of the note, the defendant, Stacy Johnson, prepared the note in question for the principal amount of $1,750 and had his two sons, both defendants, sign it as co-signors. There is no dispute as to the original principal amount being for $1,750. In order to loan this money to defendant, Stacy Johnson, the plaintiff borrowed $1,000 from a bank and according to her testimony used $750 out of her cash savings which she kept under the bottom drawer of her writing desk in her home.

Subsequent to the execution of the note there was placed on the back of the note an endorsement of payment which was later obliterated by the attorney for the plaintiff. The endorsement was so obliterated that it cannot now be read and could not be read at the time of trial. What this endorsement stated is highly contested by both parties and the transaction surrounding this endorsement is very much in dispute.

Plaintiff testified and contends that she loaned to defendant, Stacy Johnson, the total sum of $1,750, as consideration for the note in question. In the evening on the date the note was executed, she states that the

defendant returned to her $150 of the money borrowed from her and endorsed in his own handwriting, the payment on the back of the note and had her initial the endorsement. He then placed the note in the plaintiff's writing desk drawer and left the $150 on the desk. On the Tuesday following the endorsement, the defendant borrowed back the $150 which he had paid on the note. The defendant was to have erased the endorsement which he had made when he paid back the $150. The plaintiff did not discover that the endorsement had not been erased until she went to pay her taxes about June 2, 1956, when she examined the note and discovered that the endorsement was still on the note and the figure "1" in the endorsement of $150 had been changed to a "7," so that it showed an endorsement of $750 on the note over the initials of the plaintiff. The plaintiff then testified that she immediately called the defendant, Stacy Johnson, and asked him why he had put the $750 endorsement on the note and she was told "Not to ask so many questions," and that she would "Get the money and not to worry about it." She threatened to put the note in judgment and he told her that if she did she would never live to collect it, and for her not to see a lawyer.

On the following Tuesday, he came to plaintiff's house with a lady, who is now his wife, and demanded the note which plaintiff refused to give him. On June 14, 1956, two days later, the plaintiff received a letter from the defendant's attorney stating that he held a certified check for $1,000 and interest in full payment of the note.

On June 18, 1956, the plaintiff took the note to her attorney and explained the endorsement, and her attorney in the presence of the attorney for defendant who confessed judgment on the note obliterated the endorsement and on that day judgment was entered by the Circuit Court of Kankakee county for the amount

316

shown on the face of the note, plus attorney fees and interest, in the total sum of $1,956.34.

The defendant, Stacy Johnson, testified that there had never been a loan of $1,750 made to him. He states that there had never been a transaction involving the $150. He states that on the date the note was executed he placed an endorsement on the back of the note which read "4–21–56, received $750," and that this endorsement was initialed "M. H." by the plaintiff. He states that the $750 endorsement was placed on the note after it had been co-signed in another city by his two sons because plaintiff could only raise $1,000 and that was the amount he borrowed from her; that the endorsement was made to reduce the principal of the note to $1,000. The defendant testified that the plaintiff applied for a $1,750 loan at two banks to get the money to lend the defendant but she could only borrow $1,000.

Defendant admits that the plaintiff is entitled to a judgment for $1,000 plus interest. He denies that she is entitled to any attorney's fees because of the offer of payment to her of $1,000 made before judgment was confessed and for the reason that the cognovit was signed by an attorney whose name later appeared on a reply filed by plaintiff's attorney. We find no merit in either contention. The record shows that the name of the attorney, who signed the cognovit, appeared on the reply filed by plaintiff's attorney as a mistake of the secretary who did work for both attorneys in the sharing of office space. The attorney who signed the cognovit did not appear in the trial of this case or on appeal.

The defendant contends that the trial court erred in entering judgment for the full face of the note, undiminished by the endorsement of payment, because plaintiff admitted obliterating the endorsement and failed to prove justification. Defendant fur-

317

ther contends that plaintiff's plea and justification of her alteration of the note consists of an allegation of a criminal act of forgery on the part of the defendant and that her evidence to support such charge should be clear and convincing and by disinterested witnesses. These two assignments of error both involve questions of fact which were decided by the trial court in favor of the plaintiff. We cannot say that the findings of the trial court were contrary to the manifest weight of the evidence.

■ The rule that the findings of the trial court in cases submitted for trial without a jury should not be disturbed unless contrary to the manifest weight of the evidence is especially applicable in this case. Practically all of the testimony consisted of that of the plaintiff and of the defendant, Stacy Johnson. The trial court had the advantage of hearing the witnesses testify, of observing them on the witness stand and was better able to judge which of the parties were more entitled to belief than would a reviewing court. This rule was recognized and well stated in the case of Floyd v. Smith's Estate, 320 Ill. App. 171, 177, 50 N.E.2d 254, 257:

"This case was tried before the court, without a jury, and as a court of review, we will not substitute our findings of fact for the findings of fact of the trial court, unless the judgment is clearly against the manifest weight of the evidence (Chamblin v. New York Life Ins. Co., 292 Ill. App. 532, 11 N.E.2d 836); and as a reviewing court, we will accept the findings of the trial judge upon questions of fact, based upon the statements of witnesses whom he saw and heard testify, unless such findings are clearly and palpably erroneous. (Kinnah v. Kinnah, 184 Ill. 284, 56 N. E. 376)."

The above rule was further recognized in Ellet v. Wyatt, 345 Ill. App. 420, 425, 103 N.E.2d 526, 528, and

318

what was said therein applies with equal force to the case now before us:

"The evidence is in such a state of contradiction that we cannot see that the manifest weight of evidence is on either side. The case was peculiarly one involving a determination of the greater weight of the evidence and, of course, the lower court was in a much better position to determine this factor than are we."

The plaintiff testified that on the evening the note was executed the defendant, Stacy Johnson, repaid to her the sum of $150. Defendant then endorsed, in his own handwriting, the payment on the back of the note and had the plaintiff initial it. A couple of days later the defendant reborrowed $150 from plaintiff. By the repayment, the principal would have been reduced to $1,600 and the subsequent reborrowing would necessarily be a separate transaction which could not affect any rights or obligations under the note of Stacy Johnson and the other two defendants who had signed the original note. The subsequent reborrowing of $150 merely created a personal liability of Stacy Johnson to the plaintiff which was not secured by the note in question.

We therefore conclude that the judgment is excessive to the extent of $150 plus interest and attorney fee as applies thereto. The attorney fee being $15 and the interest $1.75. The judgment is therefore excessive to the extent of $166.75. Where the reviewing court is of the opinion that a judgment is excessive, it may affirm the judgment on condition that plaintiff remit part of the recovery. I.L.P. Appeal and Error, Sec. 917, Lannon v. Alex, 339 Ill. App. 645, 90 N.E.2d 800.

For the reasons herein stated the judgment of the Circuit Court of Kankakee county is affirmed upon filing by plaintiff her consent to a remittitur in the sum of $166.75, otherwise, the judgment is reversed, and the cause remanded for new trial.

■■■■

Judgment affirmed upon filing consent to remittitur, otherwise, judgment reversed, and cause remanded for new trial.

CROW, P. J. and SOLFISBURG, J., concur.