Robert J. Mattson and Kenosha Auto Transport Corporation, Plaintiffs-Appellees, v. Takin Bros. Freight Lines, Inc., a Corporation, Defendant-Appellant. Marjorie E. Mumby, d/b/a Mumby Oil Company, Defendant.

Gen. No. 11,710.

Second District, Second Division.

September 5, 1963.

Berger & Shaw, of Davenport, Iowa (Robert J. Shaw and Stuart C. Hyer, of Rockford, of counsel), for defendant-appellant.

Bull, Ludens & Potter, of Morrison (Robert H. Potter, of counsel), for appellees.

WRIGHT, J.

This is an action by the plaintiffs, Robert J. Matt-son and Kenosha Auto Transport Corporation, to recover damages to personal property resulting from a truck collision against the defendants, Takin Bros. Freight Lines, Inc., and Marjorie E. Mumby, d/b/a Mumby Oil Company. The case was tried before a jury and a verdict was returned in favor of plaintiff, Robert J. Mattson, in the sum of $1,860.62, and in favor of plaintiff, Kenosha Auto Transport Corporation, in the sum of $5,565.04, against the defendant, Takin Bros. Freight Lines, Inc. Judgment was entered on the verdict, from which this appeal is taken by defendant, Takin Bros. Freight Lines, Inc.

The only question raised by appellant and to be decided on this appeal is whether or not the plaintiffs, Robert J. Mattson and Kenosha Auto Transport Corporation were, under the facts of this case, guilty of contributory negligence as a matter of law by stopping their truck on the highway in violation of Chapter 95½, Section 185, Illinois Revised Statutes (1959).

The accident involved three trucks which collided on September 12, 1959, on U. S. Highway No. 30, three miles east of the City of Fulton in Whiteside County, Illinois. The accident occurred about 4:45 a. m. It was dark, the weather was clear and the pavement dry. At the point of the collision, U. S. Route 30 runs in a generally easterly and westerly direction, the highway is straight and level and there is clear visibility in both directions for a distance of at least one-half mile. The highway is a paved concrete surface 22 feet in width with one traffic lane in each direction and with a nine foot shoulder composed of crushed rock on which grass was growing.

All three trucks were proceeding in a westerly direction. The first truck was owned by the defendant, Marjorie E. Mumby, d/b/a Mumby Oil Company, and was a low boy type semitrailer containing a load of

sugar. The second truck was owned by the plaintiff, Kenosha Auto Transport Corporation and driven by the plaintiff, Robert J. Mattson. It was a transport truck hauling a load of Willys Jeeps. The third truck was owned by the defendant, Takin Bros. Freight Lines, Inc., and was a semitrailer. The driver of the Mumby truck did not testify and the driver of the Takin truck was killed in the collision. The only eye witness testifying to the collision was the plaintiff, Robert J. Mattson.

Defendant states that the only question to be decided by this court is whether or not the plaintiffs were, under the facts of this case, guilty of contributory negligence as a matter of law in stopping on the highway in violation of Chapter 95½, Section 185, Illinois Revised Statutes (1959). The pertinent portions of this statute are, as follows:

"(a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of 200 feet in each direction upon such highway.

"(b) . . .

"(c) This section shall not apply to the driver of any vehicle which is disabled while on the paved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

The plaintiff, Robert J. Mattson, testified that he was about a quarter of a mile behind the Mumby truck when he first noticed it and that it appeared to be slowing its speed. When he was about a hundred feet behind it the Mumby truck turned on its flashing signal lights and came to a complete stop on the highway. Mattson stated he could not pass the Mumby truck as there was an automobile approaching from the opposite direction. The Mumby truck was stopped completely on the highway in its traffic lane headed in a westerly direction. Mattson then stopped his truck some five or six feet back of the Mumby truck and pulled off about half way on the shoulder. Plaintiffs' truck was approximately eight feet in width and after it was stopped about four feet of it was in the westbound traffic lane and the other four feet on the north shoulder. The driver of the Mumby truck came back to the truck driven by Mattson with a flashlight and went to the back of the Mattson truck. Mattson got out of his truck with a fusee and he stated that "all I had time for was a glance" and then the Takin Bros. Freight Line truck ran into the rear of his truck, which was partially on the highway, pushing it into the Mumby truck which was parked on the highway.

The evidence shows that both the Mumby and Mattson trucks were well lighted at the time of the collision and both of them had their flashing turn signals on. On the rear of the truck driven by Mattson, there were two eight-inch stop lights and two four-inch turn signals and a cluster of three lights across the turn signals. All of these were red and were operating.

An Illinois State Trooper testified that the north shoulder of the highway is composed of crushed rock and from the north edge of the pavement the shoulder is nine feet wide and then drops off into a sloping bank. He testified that the shoulder was solid and there were no obstructions on it to prevent any of the

428

vehicles involved from pulling off of the highway onto the shoulder.

Concerning the shoulder of the highway and his reason for not pulling all the way off on the shoulder, the plaintiff, Robert J. Mattson, testified as follows:

"Q. Where did you stop?
A. As long as I had to make the stop I pulled half on the shoulder because I didn't know how far I could pull off on the shoulder, and as long as I had to make a stop I thought I could at least help him get off the road.
Q. Could you describe the shoulder?
A. Well, it was all grass and I didn't know how soft it was or what or if it had rained. . .
Q. And you knew the condition of the shoulder out here, that it was grass?
A. Yes, but I didn't know what kind of base and I didn't know it hadn't been raining out here because I hadn't been out recently in the past week or so previous."

Defendant has cited a number of decisions which have held a driver guilty of contributory negligence as a matter of law for stopping upon a highway. None of these decisions are factually in point with the situation herein and would not aid in the determination of this appeal. This court has previously stated: "The exigencies which will excuse a person from leaving a car on the public highway in violation of the statute are those which give no choice to the driver about leaving his car in that position. Instances of such exigencies are an accidental break in machinery, a failure in the mechanism or parts peculiar to the car, a sudden blocking of the highway, etc." Crawford v. Cahalan, 259 Ill App 14.

Section 185 of Chapter 95½, supra, provides in part that no person shall stop or park a vehicle upon the

main traveled part of the highway when it is practical to stop, park or so leave such vehicle off of such part of the highway.

The evidence in this case is uncontradicted that the Mumby truck suddenly stopped upon the highway in the westbound lane of traffic in front of the plaintiffs' truck and at this time there was traffic approaching from the east which prevented plaintiff from passing on the left. It is further in evidence that the plaintiffs' truck was heavily loaded with a cargo of jeeps and he stated that he did not know whether or not the condition of the grass covered shoulder was such that it would support his load. The evidence discloses that the Mumby truck and the Mattson truck were well lighted and visibility was not in any way hampered by the condition of the weather, or by any hills or curves on the highway for some distance to the rear.

Considering all of the evidence in the record before us as true in its light most favorable to plaintiffs, we are not able to say that all reasonable minds would reach the conclusion that the plaintiffs by stopping their truck partially on the paved surface of the highway at the time and place of the occurrence in question failed to exercise that degree of care that would have been exercised by a reasonable person under like and similar circumstances.

We believe that the jury, after hearing the evidence offered and admitted, could well have found as they no doubt did that it was not practical for the plaintiffs to stop or park their truck entirely off the main traveled portion of the highway and that under the circumstances which existed at the time and place in question, the plaintiffs were not guilty of any negligence by stopping their truck partially on the main traveled part of the highway which contributed to cause their damages.

430

▮▮▮▮ The question of contributory negligence is generally one of fact for the jury. It becomes a question of law only when upon consideration of all the evidence, it appears there has been a complete failure of proof as to this element of the plaintiff's case. Before a court can find as a matter of law that a plaintiff cannot recover because of his contributory negligence, it should be able to say that all reasonable minds must agree that the plaintiff's injury resulted from his own negligence. Edwards v. Martin, 2 Ill App2d 34, 117 NE2d 864; Stilfield v. Iowa-Illinois Gas & Electric Co., 25 Ill App2d 478, 167 NE2d 295.

It is primarily the exclusive function of the jury to pass upon the question of contributory negligence and to withdraw such questions from its consideration is to usurp its function. Geraghty v. Burr Oak Lanes, Inc., 5 Ill2d 153, 125 NE2d 47; Pennington v. McLean, 16 Ill2d 577, 158 NE2d 624.

For the reasons indicated, the judgment of the Circuit Court of Whiteside County is affirmed.

Affirmed.

CROW, PJ and SPIVEY, J, concur.