ROBERT W. HAYES, Plaintiff, *v.* ILLINOIS TERMINAL RAILROAD CO., Defendant and Third-Party Plaintiff-Appellee—(GRANITE CITY STEEL CO., Third-Party Defendant-Appellant.)

(No. 71-243;

Fifth District—October 11, 1973.

Burroughs, Simpson & Wilson, of Edwardsville, (Robert W. Wilson, of counsel,) for appellant.

Roberts, Gundlach & Lee, of Belleville, (Carl W. Lee and Robert G. Wuller, Jr., of counsel,) for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

Plaintiff, Robert W. Hayes, sued the Illinois Terminal Railroad Company and Granite City Steel Company in separate actions. These cases were consolidated. The railroad company then filed a third-party action

against the steel company. A jury trial was held in the Circuit Court of Madison County. During the trial plaintiff's suit was disposed of by his giving the railroad a covenant not to sue. On the third-party complaint the jury found in favor of the railroad against the steel company, but also in answer to a special interrogator found the railroad company guilty of active negligence. The trial court entered judgment on the basis of the special interrogatory and thereafter set aside that judgment and granted third-party plaintiff's motion for directed verdict at the close of all the evidence, upon which motion the court's ruling had been reserved. The court then stated that in the alternative the answer to the special interrogatory was set aside and a new trial granted.

The steel company has appealed alleging that the court's rulings constituted error.

The basic question on review is whether the facts bring this case within the rule of *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504.

Hayes, an employee of the railroad, suffered injuries in an accident which occurred on property leased by and under the control of the steel company. The steel company had constructed a trestle without an adequate walkway on one side, and Hayes fell from the trestle as he dismounted from the train at night to perform switching operations. The trestle had a walkway on one side of the tracks but not the side Hayes dismounted from. There was no guardrail and the area was not lighted.

The issue thus presented is whether the steel company was guilty of "active" negligence and the railroad company guilty of only "passive" negligence and that the evidence so clearly showed this to be the case as to come within the rule of *Pedrick*.

■■ The evidence shows that the railroad had no control over the construction of the trestle or its maintenance. While the steel company offered to make changes in construction suggested by the railroad provided the railroad pay for them, the railroad was prohibited under Interstate Commerce Commission rules from making any such payment. Both parties knew of this prohibition prior to the accident. The evidence is clear that the steel company created the hazard and retained control over the area. A verdict which did not find the steel company guilty of "active" negligence could never be affirmed. The failure of the railroad company to warn its employee of the danger or to provide him with a safe place to work constitutes "passive" negligence. Thus the only question remains was there evidence in the record upon which a finding that the railroad was guilty of "active" negligence could be based.

■■ In appellant's brief we find many references to the principles of law here applicable. With most of these principles we agree. However,

94

we are not shown acts of the railroad which constitute "active" negligence. Nor do we find such acts in the record. In the absence of sufficient facts upon which a finding that the railroad was guilty of "active" negligence could ever stand, it was proper for the trial court to direct a verdict at the close of the evidence.

Finding no error in the granting of the directed verdict, the alternative relief of a new trial does not apply.

Judgment affirmed.

G. MORAN, P. J., and JONES, J., concur.